UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SHIRLEY WEISS**                                  Case No.

        Plaintiff,

v.

**THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,**

A Foreign Corporation,

        Defendant.

## COMPLAINT

The Plaintiff, SHIRLEY WEISS, by and through undersigned counsel, hereby sues THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (hereinafter referred to as "PRUDENTIAL") and alleges:

### GENERAL ALLEGATIONS

1. This is an action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq., specifically § 1132 (a)(1)(b).

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the United States District Court for the Middle District of Florida, where the breach of the employee benefits contract between the parties took place.

4. At all times material hereto, Ms. Weiss was covered under a long-term

disability insurance policy funded and administered by the Defendant, PRUDENTIAL through her employer's employee benefit plan.

5. PRUDENTIAL is a foreign corporation engaged in the business of insurance in Hillsborough County, Florida.

6. At all times material hereto, Ms. Weiss was a participant in an employee welfare benefit plan sponsored by her employer, which provided long-term disability benefits through a policy of long-term disability insurance funded and administered by PRUDENTIAL A copy of the policy of long-term disability insurance relating to same is attached hereto as Exhibit "A."

7. The plan is an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. § 1002(1) and Defendant PRUDENTIAL is and/or was at all times relevant to this litigation a "plan fiduciary" within the meaning of 29 U.S.C. § 1104.

8. Defendant PRUDENTIAL makes the final decision to deny claims under the long-term disability plan providing benefits to Ms. Weis and bore the ultimate responsibility for paying said claims for benefits, creating an inherent conflict of interest between PRUDENTIAL's duties to the plaintiff as an ERISA fiduciary and its duties to its shareholders as a for-profit corporation under federal law.

9. Defendant PRUDENTIAL has a serious conflict of interest and this conflict of interest has materially affected its decision to deny benefits.

10. Defendant PRUDENTIAL has failed to apply the provisions of the plan consistently with respect to similarly situated claimants.

11. Defendant's notice of denial failed to comply with 29 CFR § 2560.503-1(f) as well as the "full and fair review" provisions of ERISA.

12. Defendant Prudential has violated the "full and fair review" provisions of ERISA.

13. Defendant has failed to comply with its own internal rules, guidelines, protocols, and/or other similar criteria relied upon in making the adverse determination referenced herein.

14. In addition, the Defendant has failed to comply with the provisions of 29 CFR § 2560.503-1(b)(2), 29 CFR § 2560.503-1(b)(5), 29 CFR § 2560.503-1(h), 29 CFR § 2560.503-1(f)(3), 29 CFR § 2560.503-1(g), 29 CFR § 2560.503-1(h)(3)(1) and (ii), and 29 CFR § 2560.503-1(I)(1) in its administration of Plaintiff's claim.

15. Plaintiff has exhausted administrative remedies before filing this action or the requirement that administrative remedies be exhausted before this action is filed has been otherwise satisfied, waived, excused, estopped, tolled, rendered moot, rendered a vain act, or otherwise rendered unnecessary under the statutes, administrative regulations promulgated by the Secretary of Labor, and/or common law regulating the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq..

16.  A copy of this Complaint is contemporaneously filed with the Secretary of Labor.

## COUNT ONE
### Action to Recover Plan Benefits
### Pursuant to 29 U.S.C. § 1132 (a)(1)(B)
### Against PRUDENTIAL

17.  Plaintiff realleges and reavers paragraphs 1 through 16 of this Complaint, incorporating the same by reference as if specifically reinstated herein.

18.  Plaintiff was and is "disabled," as the term was defined in the long-term disability insurance plan underwritten and administered by PRUDENTIAL at all times material hereto.

19.  Defendant PRUDENTIAL has failed and refused to pay the Plaintiff sums due pursuant to the long-term disability plan underwritten and administered by PRUDENTIAL, at all times material hereto.

20.  Defendant PRUDENTIAL has subjected the Plaintiff to an unreasonable claims process pursuant to 29 CFR § 2560.503-1.

21.  The Plaintiff Ms. Weiss is accordingly entitled to present evidence of her right to benefits under the *de novo* standard to this Honorable Court.

22.  The Plaintiff Ms. Weiss is entitled to recover attorneys' fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, the Plaintiff, Ms. Weiss, prays for relief from Defendant

PRUDENTIAL LIFE INSURANCE COMPANY OF AMERICA for benefits due pursuant to the contract long-term disability insurance policy underwritten and administered by Defendant under the employee welfare benefit plan pursuant to 29 U.S.C. § 1132(1)(1)(B), plus interest, costs, attorney' fees pursuant to 29 U.S.C. § 1132 (g), and such other relief as the Court may deem appropriate.

## COUNT TWO
### Action to Clarify Right to Plan Benefits
### Pursuant to 29 U.S.C. § 1132 (a)(1)(B)
### Against PRUDENTIAL

23. Plaintiff realleges and reavers paragraphs 1 through 16 of this Complaint, incorporating the same by reference as if specifically restated therein.

24. Plaintiff is entitled to long-term disability benefits under terms of the long-term disability plan underwritten and administered by PRUDENTIAL which is the subject of this action.

25. Defendant PRUDENTIAL has denied that Plaintiff is entitled to long-term disability benefits under terms of the long-term disability plan which is the subject of this action.

26. Section 1132(a)(1)(B) specifically authorizes an action to clarify the plaintiff's rights to benefits subject to the terms of the contract for long-term disability insurance funded by insurance premiums paid to PRUDENTIAL.

27. Defendant PRUDENTIAL has subjected the Plaintiff to an unreasonable

claims process pursuant to 29 CFR § 2560.503-1.

28. The Plaintiff, Ms. Weiss is entitled to a declaration that her long-term disability insurance benefits are payable under the long-term disability plan which is the subject of this action, and is entitled to present evidence of her disability to this effect under the *de novo* standard.

29. The Plaintiff, Ms. Weiss is entitled to recover attorney's fees authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, the Plaintiff, Ms. Weiss prays for a declaration that her long-term disability benefits are payable pursuant to the long-term disability plan underwritten and administered by PRUDENTIAL LIFE INSURANCE COMPANY OF AMERICA pursuant to 29 U.S.C. § 1132 (a)(1)(B), together with interest, costs, attorney's fees as authorized by 29 U.S.C. § 1132(g), and such other relief as this Honorable Court may deem just and proper.

Respectfully submitted,

/s/ Wm S Y/

William S. Coffman, Jr. Esquire
Florida Bar No. 0188158
**COFFMAN LAW**
15436 N. Florida Avenue, Suite 103
Tampa, Florida 33614
(813) 935-7030
(813) 935-7277 fax
erisa@benefitsdenied.com
Trial Counsel for Plaintiff